# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCTURUS THERAPEUTICS LTD., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH E. PAYNE; PETER FARRELL; ANDREW SASSINE; BRADLEY SORENSON; JAMES BARLOW; and DOES 1 THROUGH 100, <br><br> Defendants. | Case No.: 18cv766-MMA (NLS) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER;** <br><br> **VACATING AND RESETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY;** <br><br> **SETTING BRIEFING SCHEDULE; AND** <br><br> [Doc. No. 10] <br><br> **DENYING AS MOOT DEFENDANT PAYNE'S MOTION FOR AN EXTENSION OF TIME** <br><br> [Doc. No. 17] |

On April 19, 2018, Plaintiff Arcturus Therapeutics Ltd. ("Plaintiff" or "Arcturus") filed the instant action alleging violations Section 13(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78m(d), and Regulation 13D promulgated thereunder, against

1

Defendants Joseph E. Payne, Peter Farrell, Andrew Sassine, Bradley Sorenson, and James Barlow. Doc. No. 1 ("Compl."). Currently pending before the Court is Plaintiff's motion for a temporary restraining order ("TRO"), preliminary injunction, and for expedited discovery. Doc. No. 10-1. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for a TRO, **VACATES** the hearing scheduled for May 1, 2018, and **RESETS** a hearing on Plaintiff's motion for a preliminary injunction and expedited discovery for **May 21, 2018 at 2:30 p.m. in Courtroom 3D.**

## BACKGROUND

Plaintiff Arcturus is a corporation "working to develop and commercialize RNA technologies to treat various diseases," including cancer. Compl., ¶ 10; Doc. No. 10-1 at 8. Defendants are a group of shareholders who have allegedly "unlawfully and secretly agreed to buy, sell, and vote a controlling block of Ordinary Shares" of Arcturus in support of Defendant Payne's proxy contest to take control of the Board of Directors of Arcturus ("Board"). Compl., ¶ 1. Plaintiff alleges that Defendants have violated Section 13(d) and Regulation 13D by depriving shareholders of basic information needed to fairly assess the facts to inform their votes at an upcoming Extraordinary General Meeting ("EGM"). *See id.* Specifically, Plaintiff alleges that Defendants have failed to file Schedules 13D and amendments which disclose the existence of the group, the identities of the group's members, and the accompanying beneficial ownership of Arcturus' securities held by such group members. Compl., ¶ 4.

At Defendant Payne's request, Arcturus scheduled an EGM for May 7, 2018. Compl., ¶ 8. However, Plaintiff alleges it "was forced to postpone the EGM due to a series of filings that Payne has made in Israeli court (where Payne has brought litigation against Arcturus), which collectively cast significant uncertainty on the agenda of the EGM." *Id.* In response, Payne filed motions in Israeli court to compel Arcturus to hold the EGM. *Id.* A hearing in Israeli court is scheduled on that matter for May 9, 2018. *Id.*

//
//

# DISCUSSION

The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). The standard for a TRO is the same as for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

With respect to issuing an *ex parte* TRO, Federal Rule of Civil Procedure 65(b)(1) provides that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney <u>only if</u>: (A) specific facts in an affidavit or a verified complaint clearly show an immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[1] Fed. R. Civ. P. 65 (emphasis added).

---

[1] It is not clear whether Plaintiff attempted to file an *ex parte* TRO. To the extent it did, Plaintiff did not comply with Rule 65. *See* Doc. No. 10.

The United States Supreme Court has held that there are stringent restrictions imposed by Rule 65 because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose*, 415 U.S. at 439. "[C]ircumstances justifying the issuance of an ex parte order are extremely limited." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). There are "a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (quoting *American Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). For example, to justify an *ex parte* proceeding where an alleged infringer is likely to dispose of infringing goods before the hearing, the "applicant must do more than assert that the adverse party would dispose of evidence if given notice." *Id.* (citation omitted). "[P]laintiffs must show that defendants would have disregarded a direct court order and disposed of the goods within the time it would take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id.* (citation omitted).

On April 25, 2018, Defendant Payne filed a motion to extend time to file his opposition to Plaintiff's motion for a TRO and to move the hearing date. Doc. No. 17. In support, Payne explains that "there is no exigency supporting Plaintiff's extraordinary request" because "there is no EGM currently set." *Id.* at 17. Upon considering Plaintiff's motion and supporting evidence, the Court agrees with Defendant Payne and finds that Plaintiff has failed to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as required for the issuance of an *ex parte* TRO. *See* Fed. R. Civ. P. 65(b) (emphasis added).

As mentioned previously, an EGM was scheduled for May 7, 2018 to vote on the following proposals raised by Defendant Payne: (1) removal and transfer of five persons "as well as any other person that may be appointed to the Board . . . as of the date hereof

and until the EGM" from the office of directors on the Board; (2) to amend particular articles "of the AOA, with immediate effect, so that the authority to determine the number of directors of the Company, as well as the authority to elect new directors to the Board, is also provided – in any circumstances – to extraordinary general meetings of the shareholders of the Company;" and (3) to elect Payne's four nominees (Defendants Farrell, Sassine, and Barlow, and Magda Marquet) to serve as directors on the Board. Compl., Exhibit 2 at 6-7. On April 8, 2018, the Board postponed the EGM without setting a new date. Compl., Exhibit 1 at 7. Payne has since filed motions in Israeli court to compel Arcturus to hold the EGM, and the matter is set for hearing on May 9, 2018. Compl., ¶ 8.

Plaintiff's motion states that the EGM is "on the immediate horizon," but contends that even if the EGM is postponed, the urgency of requiring the alleged group to correct the disclosure record remains. Doc. No. 10-1 at 11 n.2. Plaintiff asserts that "immediate intervention is required to ensure an even playing field in the upcoming shareholder vote, and shareholders' access to the SEC-mandated disclosures about [Defendants'] activities." *Id.* at 11. According to Plaintiff, failure to do so immediately will result in irreparable harm. *See id.*

In *Treadway Companies, Inc. v. Care Corp.*, 638 F.2d 357 (2d Cir. 1980), the Second Circuit explained that the interests section 13(d) protects "are fully satisfied when the shareholders receive the information required to be filed." *Treadway*, 638 F.2d at 380. There, the Court held that "there was no risk of irreparable injury and no basis for injunctive relief" where the shareholders received the required information four months before the proxy contest in that case. *Id.* In 2011, the Second Circuit indicated that where disclosure, "[w]hether timely or not," allows informed action by shareholders, there is no irreparable harm. *CSX Corp. v. Children's Inv. Fund Mgmt. (UK) LLP*, 654 F.3d 276, 287 (2d Cir. 2011).

Here, Plaintiff does not dispute that there is no currently scheduled EGM. *See* Doc. No. 18 (opposing Defendant Payne's motion for an extension of time, but not

addressing Payne's exigency argument).  As a result, even if all of Plaintiff's allegations are true, the Court cannot determine whether Plaintiff and its shareholders are irreparably harmed because the Court has no information regarding the next scheduled EGM.  In other words, the Court finds no exigency in determining whether or not Defendants must file corrected or original Schedules 13D because Plaintiff has not met its burden of establishing that failure to do so immediately would result in shareholders taking uninformed action.

While the Court finds no exigency requiring the issuance of a TRO, the Court acknowledges Plaintiff's request for a preliminary injunction and request for expedited discovery. *See* Doc. No. 10-1.  Accordingly, the Court **DENIES** Plaintiff's motion for a TRO, **VACATES** the hearing currently set for May 1, 2018, and **RESETS** the hearing on Plaintiff's motion for a preliminary injunction and expedited discovery for **May 21, 2018 at 2:30 p.m. in Courtroom 3D**.  As such, Defendants must file an opposition, if any, on or before **May 7, 2018** and Plaintiff must file its reply, if any, on or before **May 14, 2018**.[2]  As Defendants have not yet appeared in this action, the Court **ORDERS** Plaintiff to provide a copy of this Order to Defendants no later than **5:00 p.m. Pacific Daylight Time on Thursday, April 26, 2018**.

**IT IS SO ORDERED.**

Dated:  April 26, 2018

Hon. Michael M. Anello
United States District Judge

---

[2] In light of this Order, the Court **DENIES AS MOOT** Defendant Payne's motion for an extension of time.  Doc. No. 17.

6