# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCTURUS THERAPEUTICS LTD., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH E. PAYNE; PETER FARRELL; ANDREW SASSINE; BRADLEY SORENSON; JAMES BARLOW; and DOES 1 THROUGH 100, <br><br> Defendants. | Case No.: 18cv766-MMA (NLS) <br><br> **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR EXPEDITED DISCOVERY AND PRELIMINARY INJUNCTION BRIEFING SCHEDULE** <br><br> [Doc. No. 20] |

Currently pending before the Court is Plaintiff Arcturus Therapeutics Ltd.'s ("Plaintiff") *ex parte* motion for reconsideration. Doc. Nos. 20-1 ("Mtn."). Defendant Payne opposes the motion. Doc. No. 22 ("Oppo."). For the reasons set forth below, the Court **DENIES** Plaintiff's *ex parte* motion.

## LEGAL STANDARD

A motion for reconsideration may be brought under Federal Rules of Civil Procedure 59(e) or 60(b). A motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment or the ruling; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors, Inc. v. N. Am. Construction Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)(a motion for reconsideration is treated as a motion under Rule 59(e) if it is timely filed under that rule and as a motion under 60(b) otherwise). Here, the order referenced was filed on April 26, 2018, and Plaintiff's motion was filed on May 3, 2018. *See* Doc.

No. 19; Mtn. Accordingly, Plaintiff's motion is properly brought under Rule 59(e). *See Am. Ironworks & Erectors, Inc.*, 248 F.3d at 898-99.

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988). Rule 59(e) provides an extraordinary remedy and, in the interest of finality and conservation of judicial resources, such a motion should not be granted absent highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59 may not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Under Rule 59(e), it is appropriate to alter or amend a previous ruling or judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted).

## DISCUSSION

Plaintiff moves for reconsideration of the Court's April 26, 2018 order denying Plaintiff's request for a temporary restraining order and setting a hearing date and briefing schedule on Plaintiff's motion for preliminary injunction and expedited discovery. *See* Mtn. Recon. Specifically, Plaintiff asks the court to reconsider its decision to set its motion for expedited discovery and preliminary injunction for hearing on the same day. *Id.* at 2. Plaintiff contends that it needs "expedited discovery to more fully inform its motion for preliminary injunction."[1] *Id.* In the present motion, Plaintiff

---

[1] The Court notes that Plaintiff's motion to expedite discovery does not indicate a need for discovery prior to the Court issuing a ruling on its motion for preliminary injunction. *See* Doc. No. 10-1 at 26-29;

states it has "new facts" which warrant reconsideration of the Court's previous order. *See id.* at 4.

First, Plaintiff contends expedited discovery is necessary for all parties to prepare for the preliminary injunction hearing so that it can fully inform its shareholders of the issues prior to the Extraordinary General Meeting ("EGM") which could be held as early as June 13, 2018. Mtn. at 4-6. Second, Plaintiff contends that Defendant Payne has "wiped all data"[2] from his company cell phone before returning it to Plaintiff and, therefore, there is a "risk of [Defendant] Payne's further spoliation of evidence." *Id.* at 6. Further, Plaintiff states that it "recently learned that another former employee [], Neda Safarzadeh, [] tampered with Arcturus property[,] removed shareholder contact information[,]" and has not returned this material to Plaintiff. *Id.* at 7. Plaintiff also suspects that someone informed Defendant Payne of an inquiry made by shareholder Ron Karp. *Id.*

As Defendant Payne points out, Plaintiff's arguments fall short because the evidence upon which it relies has been in its possession since the start of litigation. *See* Oppo. at 4; *see also Coastal Transfer Co.v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987). Evidence is not "newly discovered" under the Federal Rules if it was in the moving party's possession before the ruling or judgment was rendered. *Id.*; *Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963), *cert. denied*, 377 U.S. 923 (1964). Here, Plaintiff became aware of Sefarzadeh's conduct on or around April 13, 2018 – eleven days before Plaintiff filed the underlying motion for expedited discovery – and became aware of the incident with shareholder Karp in "early April 2018." Doc. No. 20-4 ("Herbert Decl."), ¶¶ 5-6, 14. Finally, while

---

*see also* Oppo. at 2. Plaintiff is essentially requesting the Court grant expedited discovery and permit Plaintiff to re-file a motion for preliminary injunction. *See* Mtn. at 9. The Court declines to do so and reminds Plaintiff that it may file a motion for injunctive relief at any time throughout the litigation.

[2] Defendant Payne contends he "reset his company cell phone to factory settings when he returned the phone." Oppo. at 5.

3

Plaintiff did not know of the requested June 13, 2018 date for the upcoming EGM, Plaintiff was aware of an EGM on the "immediate horizon." *See id.*, ¶ 12; *see also* Doc. No. 10-1 at 11 n.2. The Court notes that Plaintiff raised its two main arguments – the risk of spoliation of evidence and the timing of the upcoming EGM – in its original motion and that the Court considered that information in setting the motion for preliminary injunction and expedited discovery for hearing on the same day, with the same briefing schedule. *See* Doc. No. 10-1 at 26-29. The information raised by Plaintiff in the instant motion for reconsideration does not alter the Court's decision.

The Court also notes that it neither granted nor denied Plaintiff's underlying motion to expedite discovery, but merely set a briefing schedule and hearing for the matter. Doc. No. 19. While Plaintiff stylizes its request as a motion for reconsideration, Plaintiff is actually moving the Court to issue a ruling on its motion for expedited discovery and permit Plaintiff to supplement its motion for preliminary injunction or re-file its motion. *See* Mtn. After reviewing the instant motion, the motion for preliminary injunction and to expedite discovery, and Defendant Payne's opposition to the motion for reconsideration, the Court declines to do so. The Court reminds Plaintiff that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## CONCLUSION

For the reasons stated herein, the Court **DENIES** Plaintiff's *ex parte* motion. Accordingly, all other dates, guidelines, and requirements remain as previously set. *See* Doc. No. 19.

**IT IS SO ORDERED**.

Dated: May 10, 2018

Hon. Michael M. Anello
United States District Judge